[Civil No. 844.   Filed March 26, 1904.]

[76 Pac. 621.]

COUNTY OF SANTA CRUZ, Defendant and Appellant, v. WILLIAM H. BARNES et al., Plaintiffs and Appellees.

1. COUNTIES—CLAIMS AGAINST—MUST BE AUTHORIZED BY LAW.—One who demands payment of a claim against a county must show some statute authorizing it, or some contract express or implied from which it arises, which itself finds authority of law.

2. SAME—BOARD OF SUPERVISORS—POWERS.—The only powers possessed by boards of supervisors are those expressly conferred by statute or necessarily implied therefrom.

3. STATUTES—ADOPTION WITH PRIOR CONSTRUCTION—ELIAS *v.* TERRITORY, ANTE, P. 1, FOLLOWED.—The adoption of a statute from another state adopts with it the construction placed upon it by the supreme court of that state at the time of such adoption.

4. COUNTIES—BOARD OF SUPERVISORS—POWERS—EMPLOYMENT OF COUNSEL—REV. STATS. ARIZ. 1887, PAR. 397, SUBDS. 15, 24, AND COMP.

LAWS 1877, PAR. 216, SUBDS. 12, 17, CONSTRUED.—Subdivisions 15 and 24 of paragraph 397, *supra*, are substantially the same as subdivisions 12 and 17 of paragraph 216, *supra*, authorizing county boards of supervisors "(12) To control the prosecution or defense of all suits to which the county is a party. . . . (17) To do and perform all such other. acts and things as may be necessary to the full discharge of the powers and jurisdiction conferred on the board," and are practically identical with the provisions of the California Political Code, except that in the subdivision of the latter corresponding with subdivision 17, the word "strictly" appears before the word "necessary." The supreme court of California prior to the adoption of these subdivisions by Arizona had construed them as authorizing a board of supervisors to employ counsel, in addition to the district attorney, not only in suits to which the county is a party upon the record, but in which she is interested or supposed to have an interest. *Held*, under the construction placed upon these subdivisions by the California court, and in reason, the supervisors of the county on motion of or with the consent of the district attorney, have the power, when they find it necessary or advisable, to employ counsel in addition to the district attorney to protect the interests of the county, not only in the conduct of, but in the preparation for, any litigation to which the county may be a party.

5. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—FILING IN TRIAL COURT NECESSITY FOR—RECORD—REV. STATS. ARIZ. 1887, PARS. 875, 940, AND REV. STATS. 1901, PARS. 1523, 1586, CONSTRUED.—While paragraph 940, *supra*, required the filing of an assignment of errors in the lower court, and paragraph 875, *supra*, required the transcript of record to contain such assignment, the revision of 1901 omitted the requirement for filing, but retained that for including it in the transcript. Under the present practice no assignment of errors need be filed in the lower court, but it is sufficient that the errors be assigned in appellant's brief in accordance with the provisions of paragraph 1586, *supra;* if filed, however, in the lower court, paragraph 1523, *supra*, requires the transcript to contain such assignment as part of the record.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. George R. Davis, Judge. Affirmed.

The facts are stated in the opinion.

Frank J. Duffy, District Attorney of Santa Cruz County, for Appellant. Frederick S. Nave, of Counsel.

The board of supervisors could not lawfully employ special counsel to advise them.

"It may be safely stated as a rule that one who demands payment of a claim against a county must show some statute authorizing it, or that it arises from some contract express or implied, which itself finds authority in law. It is not sufficient that the services performed, for which payment is claimed, were beneficial." *Irwin* v. *Yuba County,* 119 Cal. 686, 52 Pac. 35, 37.

There is nothing in the statutes of Arizona to authorize a board of supervisors to employ attorneys to advise it. The only powers possessed by the board of supervisors of a county are powers expressly conferred by statute, or necessarily implied from statute. This question was recently before the supreme court of California. It is well known that with but few changes we have taken our County Government Law from the California code. In the case of *Merriam* v. *Barnum,* 116 Cal. 619, 48 Pac. 727, the facts were that the plaintiff was an attorney at law and was employed by the board of supervisors of Fresno County, California, as special counsel in matters pertaining to the reconstruction of the courthouse (which had been recently destroyed by fire), insurance matters, etc.

"Plaintiff served during the month of August as special counsel in settling with insurance companies for losses sustained by fire, and in matters pertaining to the construction of the courthouse. He performed all the conditions of his contract, and thereafter presented in due form for allowance his bill for services, which was allowed by the board of supervisors and ordered paid."

The county auditor refused to issue a warrant for plaintiff. The suit arose upon an application for a writ of mandate to compel the auditor to issue the warrant. They state the question and answer as follows:—

"The sole question in the case may be thus stated: Had the board of supervisors the power to employ plaintiff in the manner and for the purpose indicated by the above-quoted resolution? The district attorney is the legal adviser of the board of supervisors, and it is made his duty by law to attend its meetings and give all necessary advice. County Government Act, sec. 137; Stats. 1893, p. 381; Pol. Code, sec. 4257. Boards of supervisors are empowered (County Government Act; Stats. 1893, pp. 351, 356, 359), under such limitations

and restrictions as are prescribed by law (sec. 25, subd. 17), 'to direct and control the prosecution and defense of all suits to which the county is a party and to employ counsel to assist the district attorney in conducting the same. . . . (35) To do and perform all other acts and things required by law, not in this act enumerated, or which may be necessary to the full discharge of the duties of the legislative authority of the county government.'

"Boards of supervisors are a creation of the statute, and, their powers being statutory, their acts must find warrant in the law, either expressly or by fair implication. *Linden* v. *Case,* 46 Cal. 172; *County of Modoc* v. *Spencer,* 103 Cal. 501, 37 Pac. 483. It is claimed that the authority of the supervisors in the matter under consideration is conferred by subdivision 35 of section 25 of the County Government Act, last above quoted. From the statutes above referred to, it is clearly the intention of the law that the district attorney—no one else—shall be and act as the legal adviser of the board, with power to the board, however, to employ additional counsel and special counsel to assist the district attorney in the prosecution or defense of suits to which the county may be a party. . . . However valuable the services of appellant may have been to the county in this instance, to permit compensation for them would be to override the law, and to destroy one of the strongest safeguards cast about the expenditure of county funds." *Merriam* v. *Barnum,* 116 Cal. 619, 48 Pac. 727.

It is to be observed that the California statutes quoted in this opinion are *verbatim* the statutes in force in Arizona when these services were alleged to have been rendered (Rev. Stats. Ariz. 1887, sec. 397, subds. 15, 24), except that in adopting the California provisions our legislature made a very suggestive omission. Subdivision 15 just mentioned reads: "To direct and control the prosecution and defense of all suits to which the county is a party, and to compromise the same," *and omits to confer the power* given in the California statutes, "and to employ counsel to assist the district attorney in conducting the same."

The same duties were laid upon the district attorney in Santa Cruz County that are laid upon the district attorney in California in identical language. See Rev. Stats. Ariz. 1887, secs. 489 (subds. 3, 6, 7), 490.

In the absence of a decision of the supreme court of Arizona, this decision of the supreme court of California, on identical statutes and substantially identical circumstances, has a very controlling weight.

The latitude which would allow a board of supervisors to dismiss or disregard or supersede the legally authorized district attorney by any attorney or attorneys whom they may choose to employ and whom they may choose to pay from the county funds, does not find sanction in statute. The burden is upon the claimant to show the authority under which the indebtedness alleged could have been incurred. No such authority can be shown, hence, irrespective of precisely analogous judicial determinations, the same conclusion must follow that has been reached by the supreme court of California, and by other courts cited. See *Waters* v. *Trovillo,* 47 Kan. 197, 27 Pac. 822; *Platte County* v. *Gerard,* 12 Neb. 244, 11 N. W. 298; *Brome* v. *Cuming County,* 31 Neb. 362, 47 N. W. 1050; *Clough* v. *Hart,* 8 Kan. 494.

Selim M. Franklin, for Appellees.

DOAN, J.—An action was brought by Barnes & Martin, attorneys, against the county of Santa Cruz to recover for legal services rendered at the request of the board of supervisors of Santa Cruz County before the joint board of supervisors of Santa Cruz and Pima counties in arranging the bonded indebtedness of said county, and in litigation in the district court in regard to the amount of the indebtedness of Pima County for which Santa Cruz County should provide. The case was tried to a jury, and from a judgment for plaintiffs in accordance with the verdict of such jury the county appeals.

There were several minor points urged by the appellant, some of which are not sustained, and others are not important. Passing these, the case presents as the controlling issue the one question whether the board of supervisors has authority, under our statutes, to employ counsel other than the district attorney to render professional services to the county in a civil suit, so as to constitute a fee for services rendered by counsel thus employed a legal charge against the county. As a rule, one who demands the payment of a

claim against a county must show some statute authorizing it, or some contract, express or implied, from which it arises, which itself finds authority of law. *Irwin v. County of Yuba* 119 Cal. 686, 52 Pac. 35. The only powers possessed by boards of supervisors are those expressly conferred by statute or necessarily implied therefrom. It is urged by the appellant that as we have taken, with but few changes, our statutes relative to county government from the California code, the decisions of the supreme court of that state on practically this same question under identical statutes should have controlling weight with us. The true doctrine is that the adoption of a statute from another state adopts with it the construction placed upon it by the supreme court of that state at the time of such adoption. *Elias v. Territory, ante* p. 1, 76 Pac. 605. It is necessary to learn at what date the adoption by us was made in order to determine what construction had been placed on this statute by the decisions of the supreme court of California prior to that time, and was therefore adopted by us with the statute. We find that subdivisions 15 and 24 of paragraph 397 of the Revised Statutes of 1887 are substantially the same as subdivisions 12 and 17 of paragraph 216 of the Compiled Laws of 1877. These read as follows: Comp. Laws 1877, c. 9, "Local Administration of Counties," par. 216: "(12) To control the prosecution or defense of all suits to which the county is a party. . . . (17) To do and perform all such other acts and things as may be necessary to the full discharge of the powers and jurisdiction conferred on the board." And are practically identical with the corresponding subdivisions of the section for county government of the California Political Code of that date, which read: "To control the prosecution and defense of all suits to which the county is a party. . . . To do and perform all such other acts and things as may be strictly necessary to the full discharge of the powers and jurisdiction conferred on the board." There have been some immaterial alterations in the wording of these sections since that time in both the Arizona and California statutes, but they read to-day practically as they did then, and the exact wording of the California statute prior to and at the time of its adoption by Arizona, and also at the time the actions were brought wherein a construction was placed on that statute by the supreme court of California, was

as quoted herein. This construction is given in the case of
*Hornblower v. Duden,* 35 Cal. 664, in which the court said:
"The point as to the power of the board to employ other
counsel than the district attorney is answered by the case of
*Smith v. Mayor of Sacramento,* 13 Cal. 533, and nothing need
be added to what is there said. While the power is not ex-
pressly conferred, yet it is obviously embraced in the general
power 'to control the prosecution and defense of all suits to
which the county is a party,' which we construe to mean
not only suits to which she is a party upon the record, but all
suits in the prosecution or defense of which she has or is
supposed to have an interest; and in the further power 'to
do and perform all such other acts and things as may be
strictly necessary to the full discharge of the powers and
jurisdiction conferred on the board.' Sec. 9, subd. 13. There
are a variety of circumstances under which the interests of the
county might be neglected or wholly sacrificed unless the
board has authority to employ other counsel than the district
attorney. . . . The business in hand may be of such magni-
tude and importance as to demand, on the part of the board,
in the exercise of such foresight and care only as business
men bestow upon important matters, the employment of addi-
tional counsel. There is no reason why public as well as pri-
vate interests should not be subserved by the employment of
several counsel, when the exigencies of the case are such as
to demand it, in the judgment of prudent men; and we are
satisfied that the legislature has not been so unwise as to
render such a course impossible. Undoubtedly, the board
should not put the county to the expense of extra counsel
unless extra counsel is needed. The presumption is that they
will not; but, in any event, it is a matter in which their judg-
ment and discretion is not open to review by the courts." This
construction is approved in the case of *Scollay* v. *County of
Butte,* 67 Cal. 249, 7 Pac. 661, wherein the court said: "In
*Hornblower* v. *Duden,* 35 Cal. 664, it was held, upon the
authority of *Smith* v. *Mayor of Sacramento,* 13 Cal. 533,
that, while the power to employ other counsel than the
district attorney to commence and prosecute suits for the
county was not expressly conferred on the board of super-
visors, it was obviously embraced in the general power to
do and perform all such other acts and things as may be

strictly necessary to the full discharge of the powers and jurisdiction conferred on the board, and in the power to control the prosecution and defense of all suits to which the county is a party.'' This determines the question so far as concerns the construction of the California courts, which we adopted with the statute. This construction was placed upon the statute in cases that arose from the rendition of services by counsel other than the district attorney in reference to suits either commenced, or which, in the nature of things, would probably be commenced, and did not pass upon the authority of the board to employ counsel other than the district attorney, at a monthly salary, to sit with them to furnish legal advice to them as officers of the county, nor the right of the board to disregard or supersede the district attorney as the law officer of the county, and employ other counsel to transact the county business in his stead. Neither do we consider either of those questions to be presented in the case at bar. The employment in this instance was made by the board of supervisors either on the motion of, or with the consent of, the district attorney. The services were largely, if not entirely, rendered outside of the county, in the transaction of business of very great importance, and that at the time seemed likely to result in litigation, and in reference to a part of which one suit was brought which was defended by the plaintiffs, the appellees herein. We not only recognize the construction by the supreme court of California of the statutes above cited as controlling with this jurisdiction by reason of its having been adopted with the statutes by our legislature, but we approve it as supported by the better reason in the case. It is and should be the law that the supervisors of the county, on motion of, or with the consent of the district attorney, have the power, when they find it necessary or advisable, to employ counsel in addition to the district attorney to protect the interests of the county, not only in the conduct of, but in the preparation for, any litigation to which the county may be a party.

It is called to the attention of the court that the appellant filed no assignment of errors in the lower court, and that no such assignment appears in the transcript. The Revised Statutes of 1887 required the appellant to file an assignment of errors in the lower court (par. 940), and the transcript of the

IX Ariz.—4

record to contain such assignment (par. 875). The revision of 1901 omitted the requirement for filing, but retained that for including in the transcript the assignment of errors. Therefore, under our present practice, no assignment of errors need be filed in the court below, but it is sufficient that the errors be assigned in appellant's brief according to the provisions of paragraph 1586. If filed, however, in the lower court, paragraph 1523 requires the transcript to contain such assignment as part of the record.

No error appearing in the record, the judgment of the lower court is affirmed.

KENT, C. J., and SLOAN, J., concur.