[No. 7174.  Decided September 24, 1908.]

THE STATE OF WASHINGTON, *Appellant*, v. H. S. WINSOR, *Respondent*.[1]

STATUTES—TITLE—REFERENCE TO SUBJECTS.  The title to the anticigarette law, "to regulate and in certain cases prohibit" sales, does not violate the constitutional requirement that the subject shall be expressed in its title, even if the law is unconstitutional in part or contains prohibitive provisions only and the title takes a broader scope than its valid provisions actually cover; since the unconstitutionality of part of a statute does not render invalid other portions unless all are necessarily connected, and the title may properly refer to all its provisions.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered November 12, 1907, dismissing a prosecution, on sustaining a demurrer to the information.  Reversed.

*Richard M. Barnhart, Donald F. Kizer,* and *George A. Lee,* for appellant, as to the sufficiency of the title of the act, cited, among other authorities: *Ex parte Yung Jon,* 28 Fed. 308; *Luck v. Sears,* 29 Ore. 421, 44 Pac. 693, 54 Am. St. 804, 32 L. R. A. 738; *Abeel v. Clark,* 84 Cal. 226, 24 Pac. 383; *Cantini v. Tillman,* 54 Fed. 969; *Hart v. Scott,* 50 N. J. L. 585, 15 Atl. 272, 1 L. R. A. 86; *State v. Phenline,* 16 Ore. 107, 17 Pac. 572; *State v. Becker,* 3 S. D. 29, 51 N. W. 1018; *Powers v. McKenzie,* 90 Tenn. 167, 16 S. W. 559; *Judson v. Bessemer,* 87 Ala. 240, 6 South. 267, 4 L. R. A. 742; *State v. Scott,* 32 Wash. 279, 73 Pac. 365; *People ex rel. Gallatin*

[1] Reported in 97 Pac. 446.

*Nat. Bank v. Commissioners*, 67 N. Y. 516; *State v. Burg-doerfer*, 107 Mo. 1, 17 S. W. 646, 14 L. R. A. 846.

*Cullen & Dudley*, for respondent, contended, among other things, that the absolute prohibition provided in the body of the act was not fairly within a title to "regulate and in certain cases prohibit." *Miller v. Jones*, 80 Ala. 89; *Morgan v. State*, 81 Ala. 72, 1 South. 472; *Crabb v. State*, 88 Ga. 584, 15 S. E. 455; *Whitman v. State*, 80 Md. 410, 31 Atl. 325; *State v. Fay*, 44 N. J. L. 474; *Cantril v. Sainer*, 59 Iowa 26, 12 N. W. 753; *Bronson v. Oberlin*, 41 Ohio St. 476, 52 Am. Rep. 90; 17 Am. & Eng. Ency. Law (2d ed.), 227, 228; *People v. Gadway*, 61 Mich. 285, 1 Am. St. 578; *In re Hauck*, 70 Mich. 396, 28 N. W. 269; *Miller v. Jones*, 80 Ala. 89; *People v. Busse*, 231 Ill. 251. 83 N. E. 175; *Hart v. Scott*, 50 N. J. L. 585, 15 Atl. 272, 1 L. R. A. 86.

FULLERTON, J.—The legislature of the state of Washington, at its session in 1907, passed an act regulating, and in certain cases prohibiting, the traffic in cigarettes. The respondent was informed against by the prosecuting attorney of Spokane county for having violated the provisions of the act, and was brought before the superior court of that county to answer to the offense. On arraignment he demurred to the information on the ground that the act on which the information was founded was unconstitutional. The trial judge sustained this contention, and entered a judgment dismissing the proceeding. The state appeals.

The act in question reads as follows:

"An act to regulate and in certain cases to prohibit the manufacture, sale, keeping, keeping for sale, owning, or giving away of cigarettes, cigarette paper, cigarette wrappers, and other substitutes for the same, and providing penalties for the violation thereof.

"Be it enacted by the Legislature of the State of Washington:

"Section 1. That it shall be unlawful for any person, by himself, clerk, servant, employe or agent, directly or indi-

rectly, upon any pretense or by any device, to manufacture, sell, exchange, barter, dispose of or give away, or keep for sale, any cigarettes, cigarette paper or cigarette wrappers, or any paper made or prepared for the purpose of being filled with tobacco for smoking; and any person, for violation of the same, shall be guilty of a misdemeanor, and upon conviction shall, for the first offense, pay a fine of not less than ten dollars ($10) nor more than fifty dollars ($50) and cost of prosecution, and stand committed to the county jail until such costs are paid; and for the second and each subsequent offense, shall pay, upon conviction thereof, a fine of not less than one hundred dollars ($100) nor more than five hundred dollars ($500), and the cost of prosecution, or be imprisoned in the county jail not to exceed six months: *Provided*, That the provisions hereof shall not apply to the sales of jobbers doing an interstate business with customers outside the state.

"Sec. 2. This act shall take effect September 1, 1907." Laws 1907, p. 293.

The constitutionality of the act is assailed on the ground that its subject is not expressed in its title. Counsel argue that while the act purports to contain both regulative and prohibitive provisions, it in fact contains prohibitive provisions only, since the right of sale which it purports to exempt from the prohibitive provisions exists independent of state legislation, being matter of interstate commerce which the state has no power either to prohibit or regulate; and that the act being in effect prohibitive only, its title, inasmuch as it indicates both regulative and prohibitive provisions, does not give fair notice of the contents of the body of the act, and is thus so far misleading and deceptive as to render the act void.

But we cannot think the result contended for follows, even if we concede that the legislature is without power to prohibit jobbers in this state doing an interstate business from selling to customers outside of the state. This court has held, and the holding is in common with the almost uniform current of authority, that the intermixing in one act of con-

stitutional and unconstitutional provisions does not necessarily render the whole act void; the true rule being that the valid part will remain operative unless all of the provisions of the act are connected in subject-matter which depend upon each other and operate together for the same purpose, or are otherwise so connected together in meaning that it cannot be presumed that the legislature would have passed the one without the other. *Nathan v. Spokane County*, 35 Wash. 26, 76 Pac. 621, 102 Am. St. 885, 65 L. R. A. 336.

But these propositions must be unsound if the respondent's contention be correct. Necessarily the title to such an act directs attention to its invalid as well as its valid portions, and the title to every such act, when tested by the rule the respondent here seeks to invoke, must be misleading and deceptive in the sense that the title indicates that the act takes a broader scope than it actually takes. But the title of an act need not be an index to the contents of the act. Its purpose is to call attention to the subject of the act so that any one reading the title may know what matter is being legislated upon. It is not its purpose to give details. For these the act itself must be consulted. It would seem then that, if the title gives fair notice of those parts of the act that are within the power of the legislature, it cannot be said to be misleading or deceptive because it indicates that it may contain matters not within its powers. So in this case, since the title of the act does give notice that legislation prohibitive of the cigarette traffic may be found in the body of the act, the act as a whole ought not to be held invalid because its title also gives notice that it contains regulations that are invalid because violative of a higher law. As was said by the Supreme Court of the United States in *Montclair v. Ramsdell*, 107 U. S. 147, 2 Sup. Ct. 391, 27 L. Ed. 431:

"As the state constitution has not indicated the degree of particularity necessary to express in its title the one object of an act, the courts should not embarrass legislation by technical interpretations based upon mere form or phrase-

ology. The objections should be grave, and the conflict between the statute and the constitution palpable, before the judiciary should disregard a legislative enactment upon the sole ground that it embraced more than one object, or if but one object, that it was not sufficiently expressed by the title."

Counsel have filed exhaustive briefs which discuss the question in all of its phases, but we think it unnecessary for us to pursue the inquiry further. We hold the act constitutional, and direct that the judgment appealed from be reversed, and the cause remanded with instructions to reinstate the case and require the defendant to plead to the merits.

RUDKIN, ROOT, and CROW, JJ., concur.

HADLEY, C. J., and MOUNT, J., took no part.