W. C. HUFFMAN v. THE BOARD OF COMMISSIONERS OF GREENWOOD COUNTY.

COUNTY ATTORNEY; *Additional Compensation, When not Allowed.* While a county attorney may recover additional compensation for attending any court, or doing any business, civil or criminal, that requires his personal attendance, outside of his own county, he cannot be allowed additional compensation for any advice he may give or any consultation had with the officials of his county or other persons in discovering and preparing evidence within his county in the prosecution of a criminal action taken from his own to an adjoining county upon a change of venue.

*Error from Greenwood District Court.*

ACTION brought by *Huffman* against the *Board of Comm'rs of Greenwood Co.*, to recover for certain services as an attorney at law. Trial at the May Term, 1880, of the district court, and judgment for the defendant. Other facts appear in 23 Kas. 281, 282. *Huffman* brings the case here.

*C. M. Foster*, for plaintiff in error.

*Geo. C. Rogers*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This is the second time that this case has been here. (*Huffman v. Commissioners, &c.,* 23 Kas. 281.) Upon the new trial awarded by this court, plaintiff offered testimony that he consulted with certain county officials in Greenwood county, also discovered and prepared evidence in that county for the case of The State v. A. F. Nicholas, after a change of venue had been granted from Greenwood to Lyon county. The court rejected the evidence, on the ground that as the plaintiff was county attorney of Greenwood county, he was not entitled to recover for such services. The instructions embraced the same principle. It is contended on the part of the plaintiff that the trial court committed error in rejecting this evidence and in its charge to the jury. We think not. While a county attorney may recover such compensation as his services are reasonably worth in attending any court, or doing any business, civil or criminal, that requires his personal attendance outside of his own county, he cannot be allowed any compensation in addition to his salary for any opinion or advice he may give to the county board concerning such suit. (*Comm'rs of Leavenworth Co. v. Brewer,* 9 Kas. 307.) And it likewise follows, under this interpretation of §§ 136, 137, 138, ch. 25, Comp. Laws 1879, that the advice and conversations had by plaintiff with the county clerk and the treasurer of Greenwood county, within said county, concerning the production of official books and other testimony upon the hearing of the case of The State v. Nicholas, in Lyon county, and other like services, are not of the character to be entitled to additional compensation.

Counsel suggest that it would be a novel distinction to authorize a county attorney to recover for his services in this court if his brief was prepared in Topeka, and deny him

5—25 KAS.

compensation if it appeared it was arranged and written in his own office. We do not think the question fairly in the case. The late R. M. Ruggles, Esq., of Emporia, seems to have been the leading attorney on the part of the prosecution in the case of The State v. Nicholas; and the services of plaintiff, after the change of venue from Greenwood, seem to have related to discovering and preparing the evidence. This involved consultations and advice with the officials of that county, and other similar services — not the preparation of law arguments to be delivered in Lyon or Shawnee counties.

It is claimed further, that the verdict is against the evidence, and that upon the proof the court ought to have instructed the jury to find for the plaintiff. We have examined the record with care, and while upon some matters the evidence is uncontradicted, on many points, and several material ones, there is great conflict; therefore we cannot say, as a matter of law, that the jury were bound to return a verdict for plaintiff.

After reading the briefs and record in this case, our first impressions were to affirm the judgment, under rules 2 and 4, as all the briefs fail to refer specifically to the pages of the record which counsel desired us to examine. To increase the trouble of examinations, the references to the pages in the index or attempted index are inaccurate. We have however at this time passed over the omissions in the briefs, but this mention is a notification to counsel of the possibility of different action in the future.

The judgment of the district court will be affirmed.

All the Justices concurring.