GALEN NICHOLS v. THE BOARD OF COUNTY COMMIS-
SIONERS OF THE COUNTY OF SHAWNEE.

No. 15,118. (91 Pac. 79.)

SYLLABUS BY THE COURT.

FEES AND SALARIES—*County Attorney—Services in Federal Courts.* A county attorney who is directed by the board of county commissioners to defend or represent his county in litigation pending in the United States court may recover for such services notwithstanding at the time the services are performed such court may be held in the same county.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed July 5, 1907. Reversed.

*Galen Nichols, pro se.*

*J. J. Schenck,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: May a county attorney who has been employed by the board of county commissioners to represent the county in litigation in the federal courts in which the county is a party recover fees for his services performed under such contract where the federal court was held in his county? This is the sole question for determination.

Galen Nichols, while county attorney of Shawnee county, was employed by the board of county commissioners to represent the board in the circuit court of the United States, in a suit brought against the county by William H. Keepers to recover $9346 on account of extra material and labor alleged to have been furnished in the construction of the Melan bridge over the Kansas river. The action was pending in the federal court for eight months, and after Mr. Nichols had appeared therein a number of times, and performed services as attorney for the county, the board compromised the case and refused to allow him any compensation for his services. Hence this action.

It appears from the petition that part of the services were performed while the federal court was sitting in Leavenworth county and part while it was sitting in Shawnee county. The trial court sustained a demurrer to that part of the petition in which it is sought to recover for services performed while the federal court was in session in Shawnee county, and plaintiff, electing to stand upon the averments of his petition in that respect, claims that the ruling was erroneous.

The question presented has been settled in favor of the plaintiff's contention and the county held liable in a case where the county attorney was obliged to attend the sessions of the federal court in another county. David J. Brewer, while county attorney of Leavenworth county, was directed by the county commissioners to perform certain services for his county in the federal court. He performed the services and the county then refused to pay him for them. He brought suit and this court held that he was entitled to recover. (*Comm'rs of Leavenworth v. Brewer,* 9 Kan. 307.) In that case the services were performed outside of the county, the federal court sitting at the time in Shawnee county.

In *Gillett v. Comm'rs of Lyon Co.,* 18 Kan. 410, the county was held liable for services by the county attorney rendered outside his county in two suits, one pending in the supreme court and one in Harvey county. (To the same effect see *Huffman v. Comm'rs of Greenwood Co.,* 25 Kan. 64.)

The Brewer case was decided in 1872, and defendant contends that while it was good law then it is no longer the law, for the reason that the legislature of 1897 repealed the act fixing the salaries of county attorneys and enacted a new provision by which the salaries allowed should be in full compensation for all services performed. Section 139 of the act of 1868 reads:

"The county attorneys of the several counties of this state shall be allowed by the board of county commis-

sioners, as compensation for their services, a salary as follows:" (Gen. Stat. 1868, ch. 25, § 139.)

The language of section 7 of the act of 1897 is:

"The county attorneys of the several counties of the state shall be allowed, by the board of county commissioners of their respective counties, the following salaries per annum, as full compensation for all services performed." (Laws 1897, ch. 131, § 7.)

From the employment of the words *"full* compensation for *all* services performed" it is seriously argued that the legislature had in mind the foregoing decisions, and intended thereby to establish a different rule, so that thereafter a county attorney should not be permitted to recover for services performed outside his county. If such was the legislative intent it was certainly not expressed in apt and appropriate language. Two years later the legislature, in reenacting the same law, dropped the word "full" before "compensation" (Laws 1899, ch. 141, § 7; Gen. Stat. 1901, § 3029) and might have omitted the word "all" before "services" without the slightest change in sense or meaning. We cannot believe that the language used in the act of 1868 meant anything less than full compensation for all services performed, or that the use of the explicit terms "full" and "all" in the act of 1897 added anything of substance to the old law or changed its sense or meaning.

This case is ruled by the David J. Brewer case, unless the fact that the federal court happened to sit in the county where Galen Nichols was county attorney, thus rendering it unnecessary for him to go outside his county while representing the board in the federal court, is a circumstance which calls for a different rule.

Section 136 of the act of 1868, which prescribes the duties of county attorneys, is still the law, and reads as it read when the Brewer case was decided; it still in general terms defines the duties of county attorneys, as follows:

"It shall be the duty of the county attorney to ap-

pear in the several courts of their respective counties, and prosecute or defend, on behalf of the people, all suits, applications or motions, civil or criminal, arising under the laws of this state, in which the state or their county is a party or interested." (Gen. Stat. 1868, ch. 25, § 136; Gen. Stat. 1901, § 1777.)

The "courts of their respective counties" was held in the Brewer case not to have reference to the courts of the United States. And we are of the opinion that, without extending the doctrine of that case beyond its logical conclusions, a county attorney who is directed by the county board to defend or represent his county in litigation pending in the United States court may recover for such services notwithstanding at the time the services are performed such court may be held in the same county. No matter where a court of the United States may sit, it is in no sense one of the courts of the county in which it sits. The services performed by the county attorney in the courts of the United States are not those which his duties or the law require him to perform. If the board employ or direct him to act for the county in such courts, the county is liable to him for the services he performs under such employment or direction, except the giving to the board of advice in respect to the litigation.

The sittings of the courts of the United States for the district of Kansas are frequently changed from one county to another as the centers of population and business change. The construction which defendant contends for would not give the statutes fixing the duties and compensation of county attorneys uniform operation. The county of Wyandotte, for instance, where the courts of the United States are frequently held, might become involved in a vast amount of litigation in those courts, and the county attorney might, in the opinion of the board, be better qualified than any one else to represent the county's interests therein. He would have onerous duties imposed upon him for which he could recover no compensation, while the same

officer of an adjoining county could recover for similar services performed for his county in the same county. The supreme court sits only in Shawnee county. The county attorney of that county, without direction or employment of the board, would be required to attend this court in all cases where the county might be interested, for which he would receive no pay beyond his regular salary, while the county attorney of any other county in the state, whose duties are fixed by the same statute, could recover compensation for similar services in the supreme court, if directed or employed by his county. The law prescribing the duties and fixing the compensation of county attorneys was never intended to produce such absurd consequences.

The decisions which settle the liability of a county in cases of this character were not placed solely on the ground that the services performed obliged the attorney to go beyond the county, although in all the cases heretofore decided such was the fact, and it was given most prominence. The reasoning of the cases rests, after all, upon the proposition that the services performed are not within the duties imposed by law upon the county attorney. The county attorney, in theory at least, goes beyond the realm of his official duties when he steps into one of the courts of the United States, although it may be sitting in a building across the street from where his office is located. Nor do we feel disposed in a case of this character to split hairs over the fact that necessarily the county attorney, while preparing the pleadings and fitting himself to represent his client properly, may have performed some of his labors while in the county. He is entitled to recover a reasonable attorney's fee for his services in court, which includes compensation for the labor of preparation, and this without reference to where it is performed. The United States court might appoint a referee to take testimony who would hold the hearing in the office of the county clerk, or, for that matter, in the office of the county attorney; and still we think

the county attorney could recover for his services in appearing before the referee. For any advice given to the board of county commissioners in reference to such litigation he cannot recover, for the reason that to give the board advice on all legal matters is one of the duties of his office. (*Huffman v. Comm'rs of Greenwood Co.,* 25 Kan. 64.)

We conclude that the demurrer should have been overruled, and the cause is therefore reversed and remanded for further proceedings.