## BOARD OF COM'RS OF POTTAWATOMIE COUNTY v. WALDREP.

No. 20715.   Opinion Filed July 14, 1931.

Randell Pitman, for plaintiff in error.

Tom Waldrep, for defendant in error.

HEFNER, J. This is an action by Tom C. Waldrep against the board of county commissioners of Pottawatomie county to recover a fee for services rendered the county in litigation in the United States District Court and Circuit Court of Appeals. The case was tried on an agreed statement of facts. It is agreed that plaintiff was employed by defendant as an attorney to represent it in an action against the sureties on the bond of the county treasurer; that that cause of action was based on default of the county treasurer in purchasing worthless bonds for and on behalf of the county and paying for them out of the sinking fund; that the action was brought against the sureties in the district court of Pottawatomie county, and afterwards transferred to the United States District Court for the Western District of Oklahoma, where the case was tried, and resulted in a judgment in favor of the county; that the sureties took an appeal to the Circuit Court of Appeals, which appeal resulted in the affirmance of the judgment; that plaintiff represented the county in both courts; that his fee was contingent, and that in the event of recovery therein he was to be paid a reasonable amount from the proceeds recovered.

The trial court entered judgment in favor of plaintiff. From that judgment the defendant appealed to this court and here presents one question: Is the board of county commissioners authorized to employ counsel to prosecute a case in the federal court for the benefit of the county, agreeing to pay a contingent fee, and to make such payment from the proceeds of the recovery?

It is the contention of defendant that the contract sued on is void for the reason that it is the duty of the county attorney to represent the county in all courts in which it is interested, or is a party, and that the board of county commissioners was without authority to employ outside counsel.

The office of county attorney was created by the provisions of section 2, art. 17, of the Constitution. The Constitution does not prescribe the qualifications for that office. The Legislature, pursuant to its constitutional authority, has prescribed the qualification. No person shall be eligible to hold the office unless he shall be, at the time of his election or appointment, a qualified voter of the county (section 5736, C. O. S. 1921) and licensed to practice as an attorney in courts of record of the state. Section 5739, C. O. S. 1921. It will be noted that there is no requirement that he be licensed to practice as an attorney in the federal courts.

The general duties of the officer are prescribed by section 5741, C. O. S. 1921, which provides:

"It shall be the duty of the county attorney to appear in the district, superior, and county courts of his county and prosecute and defend, on behalf of the state or county, all actions or proceedings, civil or criminal, in which the state or county is interested or a party; and whenever the venue is changed in any criminal case, or in any civil action or proceeding in which his county or the state is interested or a party, it shall be the duty of the county attorney of the county where such indictment is found, or the county interested in such civil action or proceeding, to appear and prosecute such indictment, and to prosecute or defend such civil action or proceeding in the county to which the same may be changed"

—and the Legislature has seen fit to enumerate the specific duties which are to be performed by him. Among them we find the following:

When requested by any magistrate of his county, he is required to appear on behalf of the state before any such magistrate, with certain exceptions (section 5742, C. O. S. 1921); he is required to give opinion and advice to the board of county commissioners and other civil officers of his county, when requested by such board or officers, upon all matters in which the county is interested or relating to the duties of such board or officers in which the state or county may have an interest (section 5743, C. O. S. 1921); whenever required by a grand jury, it shall be his duty to attend for the purpose of examining witnesses in its presence, or giving advice in any legal matter, to issue subpoenas and other process, to force the attendance of witnesses, and to draw bills of indictment when found by such grand jury (sections 2543 and 5749, C. O. S. 1921); it is his duty to bring actions for forfeiture of bonds required under the cigarette legislation (section 1978, C. O. S. 1921); to investigate and prosecute charges of gambling (section 1948, C. O. S. 1921); to assist in inquisitions as to the insane (sections 2789

and 8295, C. O. S. 1921); to indorse complaints before magistrates (section 2993, C. O. S. 1921); to prosecute charges of injuries to public highways (section 2228, C. O. S. 1921); to assist the State Fire Marshal (section 98, C. O. S. 1921); to certify to municipal bonds (section 29, art. 10, of the Constitution); to prosecute escheat proceedings (section 8454, C. O. S. 1921); to assist in the collection of taxes (section 9597, C. O. S. 1921); to prosecute charges of violation of the prohibitory liquor laws of the state (sections 7000, 7008, 7009, 7010, and 1031, C. O. S. 1921); to prosecute charges of violations of certain tax statutes (section 9729, C. O. S. 1921); to perform duties as to estrays (section 3919, C. O. S. 1921); to prosecute pools and trusts (section 11038, C. O. S. 1921); to prosecute charges of agricultural seed violations (section 3790, C. O. S. 1921); grain violations (section 11102, C. O. S. 1921); warehouse violations (section 11083, C. O. S. 1921); dairy violations (section 3727, C. O. S. 1921); Johnson grass violations (section 3832, C. O. S. 1921) and corporation charter violations (section 5353, 5364, and 5365, C. O. S. 1921); to prosecute violations of health regulations (section 8695, C. O. S. 1921); to approve securities for public depositories (section 5728, C. O. S. 1921); to advise the State Engineer (section 7062, C. O. S. 1921); to prosecute bastard cases (section 8063, C. O. S. 1921); to prosecute school law violations (section 10285, C. O. S. 1921); to enforce the state bank laws (section 4234, C. O. S. 1921); to prosecute pharmacy violations (section 8747, C. O. S. 1921); to prosecute violations of animal quarantine (section 3691, C. O. S. 1921); to sue for recovery of money paid or received without proper claims (section 8602, C. O. S. 1921); to prosecute violations of health regulations (section 8795, C. O. S. 1921); to prosecute failure to file corporate reports (section 4200, C. O. S. 1921) and to prosecute violations of the veterinary act (section 4057, C. O. S. 1921). There are specific provisions requiring him to appear in the superior courts (section 3110, C. O. S. 1921), and before the Court of Tax Review (Int. Pet. No. 100).

Since the Legislature, by specific provisions, has prescribed the duties of the county attorney and the specific courts in which he is to appear, and since it has included therein only state courts, we cannot conclude that there is any legislative intent to require him to appear in any of the federal courts.

Attention is called to the fact that, under the provisions of section 2033, C. O. S. 1921, a county attorney, who unlawfully fails or refuses to perform the duties of his office according to law, is guilty of a misdemeanor.

Since his duties have been prescribed by the Legislature, as hereinbefore set forth, he would be justified in concluding that there was no other duty imposed upon him, and since the Legislature has not seen fit to require him to appear in federal courts, he would certainly not be guilty of any refusal or failure to perform his duties by refusing or failing to appear in the federal courts.

The entire matter is subject to the control of the Legislature, and, while the Legislature might have imposed upon him the duty of appearing in the federal courts, it has never seen fit to do so, and this court is without authority to impose upon him any such duty by judicial decree.

Such was the construction given the Kansas statute, which, in effect, is identical with ours, in Commissioners of Leavenworth County v. Brewer, 9 Kan. 307; Thacker & Stevens v. Commissioners of Jefferson County, 13 Kan. 182, and Nichols v. Board of Commissioners of Shawnee County (Kan.), 91 Pac. 79. In the latter case, it was said:

"A county attorney, who is directed by the board of county commissioners to defend or represent his county in litigation pending in the United States Court, may recover for such services, notwithstanding at the time the services are performed such court may be held in the same county."

The exact question therein decided is not now before this court, and the decision is cited herein as being persuasive in the construction of our statutes as to the duties of the county attorney. Under the provisions of section 5744, C. O. S. 1921, a county attorney may not engage in the private practice of law, and it would appear that where a county attorney in Oklahoma is representing his county in litigation pending in the federal court under a contract with his county, he is engaging in the private practice of law. The issue here is confined to whether or not there is authority to employ someone other than a county attorney to prosecute such an action.

The record here shows that the county had sustained a loss of $75,000 by reason of the action of the county treasurer, and that it was necessary that a suit be instituted against the surety on the official bond of the county treasurer. When the suit was removed to the federal court, it became necessary that some attorney be at the place where the federal court was in session for the trial thereof, and for the presentation of the appeal to the Circuit Court of Appeals.

That the board of county commissioners are the general agents of the county, and have general supervision and control of county affairs, with sole and exclusive power

to commence a suit against a delinquent officer and with power to superintend the fiscal concerns, and secure management thereof in the best manner possible according to their judgment and discretion, is established by the decision of this court in Kingfisher County v. Graham, 40 Okla. 571, 139 Pac. 1149. Therein this court said:

"How well or how poorly they exercise such judgment and discretion is a matter for them and the people of the county to decide."

Such has been the uniform holding of this court, and in Rice v. Swartz, 90 Okla. 16, 215 Pac. 605, this court held:

"The board of county commissioners, being the general agents of the county and having the supervision and control of county affairs, being vested with the power to institute and defend civil actions in the name of the county and determine whether such actions should be appealed, held, that an appeal prosecuted by the county attorney to reverse an order of injunction enjoining the county from entering into a contract for the expenditure of county funds without the authority of the commissioners will be dismissed upon motion of the board of commissioners"

—and said:

"Section 5741, Comp. Stats. 1921, is relied upon as vesting the county attorney with authority to prosecute this appeal without the consent of the county commissioners. The section provides that it shall be the duty of the county attorney to appear in the several courts of his county and prosecute and defend, on behalf of the state or county, all actions or proceedings, civil or criminal, in which the state or county is interested as a party. It will be observed that this provision does not transfer the control of the business or finances of the county to the county attorney. He is a public official of the county and paid a salary by the county, and this statute only prescribes his official duties. But the board of county commissioners of each county, being the general guardians of the financial interest of the county, has the control of all litigation in which the interests of the county are involved. Kirby v. Board of Com'rs of Clay County, 71 Kan. 683, 81 Pac. 503."

The board of county commissioners, being the general agents of the county, having the supervision and control of county affairs and being vested with the power to institute civil actions in the name of the county, and there being no legal duty on the part of the county attorney to represent the county in such litigation in the federal courts, the board of county commissioners was authorized to employ the plaintiff to prosecute the action on behalf of the county in the federal courts, and to enter into a contract with him, to pay him for his services therein.

That such a contract was entered into is admitted in this action, and there is no question presented here as to the validity thereof, if there was authority to enter into the same.

For the reasons hereinbefore given, we think the board of county commissioners had authority to enter into a contract with plaintiff. As to whether or not the requirements of the law were met when the contract was entered into, and whether or not the fee can be paid out of the proceeds recovered and the reasonableness thereof, is not herein determined.

Inasmuch as these questions are not determined, the case is remanded, with directions to the trial court to hear and determine them.

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.