STATE ex rel. BOARD OF COM'RS of HARMON COUNTY v. OKLAHOMA TAX COMMISSION.

No. 30446. Sept. 19, 1944.

*151 P. 2d 797.*

Albert D. Lynn and Dudley, Duvall & Dudley, all of Oklahoma City, for plaintiffs.

Randell S. Cobb, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for defendants.

HURST, J. On June 30, 1942, this court rendered a decision herein (191 Okla. 155, 127 P. 2d 1052) holding unconstitutional chapter 1 (e), Title 62 S. L. 1941, p. 273, and requiring the distribution of the sum of $192,101.25, collected from excise taxes on the sale of gasoline, in accordance with article 16, ch. 66, S. L. 1937, p. 472. $46,562.74 of said sum was distributable to the 77 counties. On the 16th day of October, 1942, after said opinion became final, J. B. Dudley and Duke Duvall, attorneys for Harmon county, filed an application in this cause asking that this court fix a reasonable attorney fee for said attorneys to be paid out of the portion of said funds distributable to the counties. The question now for decision is whether said application should be granted.

It is alleged in the application that before the journal entry of judgment

was agreed upon or could be entered pursuant to said opinion, and some time after the expiration of the 15 days for filing a petition for rehearing, Dudley discussed with the attorney for the Tax Commission the question of filing an application for attorney fees in this proceeding, and the said attorney advised Dudley that no distribution of the funds would be made to the counties until formal judgment had been entered, but that through mistake the accounting department of the Tax Commission distributed the funds to the counties without the knowledge of the attorney for the Tax Commission. No journal entry of judgment has yet been filed. It is alleged in said application that other funds are coming into the hands of the Tax Commission apportionable to the counties on the same basis as said sum of $46,562.74 was apportionable, and that the attorney fee should be paid out of such funds. It is also alleged in said application that on May 29, 1941, a contract was entered into between said attorneys and Harmon county, whereby the attorneys agreed to represent the county on a contingent fee basis of 25 per cent of the amount recovered.

The Tax Commission has filed a response admitting that the portion of the funds belonging to the counties was inadvertently transferred to the counties, and admitting that current funds are being collected from excise taxes on gasoline apportionable to the several counties. The petitioning attorneys have filed a brief herein in support of their application, and at the request of this court the Attorney General has filed an answer brief on behalf of the 77 counties of the state.

It is well settled that ordinarily "a court in the exercise of equitable jurisdiction, will, in its discretion, order an allowance of counsel fees, or, as it is sometimes said, allow costs as between solicitor and client, to a complainant (and sometimes directly to the attorney) who at his own expense has maintained a successful suit for the preservation, protection, or increase of a common fund, or of common property, or

who has created at his own expense, or brought into court, a fund in which others may share with him." 49 A. L. R. 1141, at 1150, annotation. See, also, Fitzgerald v. Bass, 122 Okla. 140, 252 P. 54, 49 A. L. R. 1141; 107 A. L. R. 749, annotation; 6 C. J. 782, §394; 7 C. J. S. 1098. Does this general rule apply in the instant case? Petitioners argue that is does, while the Attorney General argues to the contrary. We think the question must be answered in the negative. An examination of many of the cases cited in the annotations, above, discloses that this equitable rule is based upon the proposition that the parties who were benefited by the creation, increase, or preservation of the common fund, acquiesced in or ratified the employment of the attorneys who were employed by some member of the class, and that the liability is based upon the idea of implied contract or on the principle of representation or agency. At the time the contract of employment was made between the attorneys and Harmon county on May 29, 1941, section 7617, O. S. 1931, was in force, but two days thereafter House Bill No. 169 (S. L. 1941, page 59, 19 O. S. 1941 §183), which amended section 7617, became effective. Under section 7617 it was the duty of the county attorney to represent the county "in the district, superior and county courts," but not in the Supreme Court, and the board of county commissioners had authority to employ private counsel to represent the county in the Supreme Court. Board of Com'rs v. Waldrep, 150 Okla. 228, 1 P. 2d 711. But by House Bill No. 169 this rule was changed, and it was made the duty of the county attorney to prosecute or defend in all courts "all civil actions or proceedings in which his county is interested or a party." Under this law the board of county commissioners were and are without authority to employ private counsel to perform duties which the statute imposes upon the county attorney. Honnold v. Board of Com'rs, 71 Okla. 71, 177 P. 71. The present mandamus proceeding was filed July 1, 1941, at a time when the counties

could not legally have employed the petitioners to prosecute the proceeding. Any claim the petitioners may have against the 76 counties not actually contracting for their services must date from that time and not from May 29th, when the contract was made with Harmon county.

We believe it is clear that there can be no valid implied contract, or a contract or agency or representation by acquiescence, ratification or estoppel, binding upon a municipality where there can be no valid express contract. Dungan v. Independent School Dist., 182 Okla. 385, 77 P. 2d 1117; 15 C. J., Counties, §§233, 250, 256; 20 C. J. S., Counties, §§194, 204; 7 R. C. L., Counties, §22; 14 Am. Jur., Counties, §§44, 45. And since no valid express contract of employment between the petitioners and the 76 counties could have been made on July 1, 1941, it follows that the general rule, above stated, on which petitioners rely, does not apply. See Tulare County v. City of Dinuba, 205 Cal. 111, 270 P. 201. We thus give effect to the rule many times stated by this court that one demanding payment of a claim against a county must show some statute authorizing it or that it arises from some contract, express or implied, which finds authority in law, and it is not sufficient that the services performed, for which payment is claimed, are beneficial. See Board of Com'rs v. Johnston, 192 Okla. 203, 134 P. 2d 335, and cases cited.

The cases relied upon by the petitioners (O'Hare v. Oakland County, 6th Cir., 136 Fed. 2d 152, and State v. Council of Village of Bedford, 37 Ohio App. 265, 174 N. E. 601) are not contrary to our view, since in those cases it does not appear that the municipalities could not legally employ private counsel.

Since what we have said is decisive of the case, as to the 76 counties, we need not pass upon the effect of the premature distribution of the fund. The petitioning attorneys should seek redress against Harmon county in a proper adversary proceeding in the event they are unable to collect their fee without suit. We decline to pass upon the application as against Harmon county.

It follows that the application now under consideration must be, and is hereby, denied.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, and DAVISON, JJ., concur.