220 P.2d 850

**MOORE v. BOLIN, Secretary of State.**

No. 5358.

Supreme Court of Arizona.

July 15, 1950.

Jerman & Jerman, Greenfield & Flynn, all of Phoenix, for appellant.

Fred O. Wilson, Atty. Gen., Earl Anderson, Asst. Atty. Gen., for appellee.

STANFORD, Justice.

The appellant, Thad M. Moore, who meets the constitutional qualifications to hold the office of Governor of this state, filed his action in the superior court asking for a declaratory judgment. The appellant is at the present time a duly elected, qualified and acting member of the Arizona State Tax Commission. His term of office does not expire until the month of January, 1953.

Appellee, Wesley Bolin, is the duly elected Secretary of State of the State of Arizona.

Appellant was desirous of seeking the gubernatorial nomination on the democratic ticket at the primary election to be held in Arizona in September, 1950, without resigning his office as State Tax Commissioner. He asks that chapter 68, Laws of 1949, (known also as section 12-110, A.C.A. 1939) which forbids an incumbent state officer in mid-term from being a candidate for another state office, be declared unconstitutional.

There are a number of reasons advanced by the appellant as to the unconstitutionality of the act in question but we deem it unnecessary either to state or consider these objections for the reason that appellee urges upon us, i. e. that the plaintiff's complaint does not present a justiciable controversy between plaintiff and defendant that is ripe for adjudication.

The act referred to was enacted by our legislature in 1949 and is as follows:

"*Incumbent filing for election.*—(a) No person shall hold more than one (1) office at the same time, nor shall any incumbent of an elective office, whether holding by election or appointment, be eligible for nomination or election to any office other than the office being so held, nor shall the nomination papers of any such person be accepted for filing. This section shall not be construed to prohibit a person whose resignation from office has become effective, from qualifying as a candidate for an-

other office during the unexpired portion of the term affected by such resignation. The resignation of any such person, duly filed in writing with the officer, board or commission having jurisdiction of the same, shall, if not accepted within ten (10) days, be deemed to have become effective. This section shall not apply to any encumbent elective office holder who shall seek reelection to the same office or to any other public office, during the final year of the term to which he shall have been so elected.

"(b) Any person violating this section shall be guilty of misfeasance in office, and the office held by such person shall be declared vacant."

It is plain to see that the intent of the legislature was to prevent office holders who were holding for more than a two-year term from seeking another office while still holding the office to which elected. On being advised by the Secretary of State that he would not place the name of appellant on the ballots as a candidate for governor unless he complied with chapter 68, supra, by first resigning as a member of the State Tax Commission, the appellant brought his action for declaratory judgment aforesaid.

Thereafter appellee filed an answer and a motion to dismiss the complaint of appellant, which motion was denied. Thereafter each party filed a motion for summary judgment and the trial court granted the motion of this appellee denying the motion of appellant. This was followed by the judgment from which this appellant appeals.

From 16 Am.Jur., Declaratory Judgments, sec. 46, p. 319, we quote: *"Controversies between Officers.*—A mere difference of opinion between public officers, not amounting to a justiciable controversy concerning adverse interests, is not sufficient as the basis for a declaratory judgment. * * *"

From 16 Am.Jur., Declaratory Judgments, sec. 9, p. 282, we quote: "It is well settled that a proceeding for a declaratory judgment must be based upon an actual controversy. * * * No proceeding lies under the declaratory judgments acts to obtain a judgment which is merely advisory or which merely answers a moot or abstract question."

The case of State ex rel. La Follette v. Dammann, 220 Wis. 17, 264 N.W. 627, 629, 103 A.L.R. 1089, is a declaratory judgment case wherein the governor of the state of Wisconsin asked for a declaratory judgment asking if the governor of the state may make appointments or reappointments to state offices, etc., the controversy being between the governor and secretary of state as to the existence of vacancies in certain offices, the governor contending that the offices were vacant, the secretary of state contending that they were not. The court, in its opinion, said:

"It is also our opinion that, if the dispute between the plaintiff and the defend-

ant may be considered as the beginning of a controversy, it is not now ripe for adjudication, since the plaintiff has made no appointments to any of such offices and there is consequently no one who can presently assert a legally protectible interest—a right to an office or the emoluments thereof—which the court may vindicate by a declaratory judgment. The court ordinarily will not decide as to future or contingent rights, but will wait until the event giving rise to rights has happened, or, in other words, until rights have become fixed under an existing state of facts.

\* \* \* \* \* \*

"Any declaratory judgment that we might now render would in no real sense be binding either upon those who may hereafter be appointed to office or upon the present occupants thereof. \* \* \*"

In Merkley v. Merkley, 12 Cal.2d 543, 86 P.2d 89, 91, plaintiff sued for a declaration of the rights and liabilities of the respective parties pursuant to certain contracts, assignments and transfers and for other relief including a money judgment for services claimed to have been performed. In deciding the case the court said: "The plaintiff must show that the conditions exist which will justify the court in exercising its discretion to grant the relief sought. That she has not done so is obvious. There is no instrument under which the plaintiff may make a claim; that is, there is no justiciable controversy existing between the parties plaintiff and defendant and therefore the situation has not developed which would require a construction of any instrument introduced in evidence and relied on by the plaintiff. There is no more than a conjecture or supposition on her part that at some time in the future a controversy may arise wherein she might become interested in having adjudicated the defendant Alan Merkley's interest under those documents. The facts in the record present an academic question only. The courts will not exercise the discretionary power to declare rights which do not give rise to a present controversy. \* \* \*"

In 87 A.L.R. 1205 at page 1215 it is stated: "A declaratory relief statute only justifies a declaration of rights upon an existing state of facts, not one upon a state of facts which may or may not arise in the future. Nor will future rights be determined in anticipation of an event that may never happen. \* \* \*"

The writer of the note cites many cases sustaining the general rule as stated, supra, when declaratory relief is sought as to facts involving future events, and in the same note as to facts involving contingent events.

In 16 C.J.S., Constitutional Law, § 94, p. 211, it is stated: "\* \* \* constitutional questions will not be determined abstractly or in a hypothetical case, or anticipated in advance of the necessity for determination thereof, so that generally, no such consideration will be undertaken if no injury has as yet resulted from the ap-

plication of the statute and no rights have been brought within its actual or threatened operation, if complainant will feel the pinch of the statute only as a possible, rather than as a necessary, result of its operation, or if through a change in conditions, the question has become a moot one. * * *"

■ It is the court's view that the facts pleaded by appellant do not show a present existing controversy which permits the court to adjudicate any present rights. The allegations merely show an intent to do certain things in the future all of which are dependent upon future events and contingencies within control of the appellant. There are many contingencies or events which might occur before the last day before appellant may file his petition, e. g., the appellant may decide not to become a candidate for office between now and the time for filing petitions and papers, or he might not secure the required number of signatures to his papers and petitions as to entitle him to file for the office of Governor.

■ Appellant relies strongly upon the rule announced in our own case of Morton v. Pacific Const. Co., 36 Ariz. 97, 283 P. 281, 282, which cites with approval the following statement from Miller v. Miller, 149 Tenn. 463, 261 S.W. 965: "* * *

'the question must be real, and not theoretical; the person raising it must have a real interest, and there must be some one having a real interest in the question who may oppose the declaration sought. It is not necessary that any breach should be first committed, any right invaded, or wrong done. The purpose of the act, as expressed in section 12 thereof, is to "settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered."' * * *"

See also Taylor v. McSwain, 54 Ariz. 295, 95 P.2d 415. We are in accord with the rule therein announced, but fail to see wherein it has application to the facts in the instant case. First, no real question has been presented, as the record disclosed that appellant only asked appellee if he would accept for filing petitions which appellant might in the future present. Second, appellant has at present no rights or status affected because he has done nothing to bring himself within the operation of chapter 68, supra.

We hold that appellant has not presented a justiciable cause which may be fairly adjudicated in this action, and accordingly the judgment of the trial court is affirmed.

LA PRADE, C. J., and UDALL, PHELPS and DE CONCINI, JJ., concur.