797 P.2d 6

**AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL–CIO, COUNCIL 97, William Norris and James G. Schmitz, Plaintiffs–Appellees, Cross Appellants,**

v.

**Sam LEWIS, in his capacity as Director of the Department of Corrections, State of Arizona, Defendant–Appellant, Cross Appellee.**

**No. 1 CA–CV 88–298.**

Court of Appeals of Arizona, Division 1, Department C.

Aug. 21, 1990.

Ward, Keenan & Barrett by Michael J. Keenan, Phoenix and Kirschner, Weinberg & Dempsey by Richard Kirschner, Craig Becker, Washington, D.C., for plaintiffs-appellees, cross appellants.

Robert K. Corbin, Atty. Gen. by David Rich, Asst. Atty. Gen., Phoenix, for defendant-appellant, cross appellee.

## OPINION

EUBANK, Judge.

The state appeals from a judgment on the pleadings in favor of the appellees holding that A.R.S. § 41-1609.01, which requires legislative council approval prior to any privatization of state prisons, is unconstitutional as "violative of the 'Distribution of Powers' art. III of the Arizona Constitu-tion." Appellees cross appeal from the trial court's ruling that A.R.S. § 41-1609.01 does not constitute an unconstitutional delegation of state police powers.

On August 18, 1987, the American Federation of State, County and Municipal Employees, AFL-CIO, Counsel 97, a labor organization whose membership includes employees of the DOC, and two private individuals, William Norris, an employee of DOC, and James G. Schmitz, who are both taxpayers, filed suit against the director of the DOC seeking a judicial declaration, under our Declaratory Judgment Act, A.R.S. § 12-1831 et seq., that A.R.S. § 41-1609.01 is unconstitutional. The state's answer controverted all material allegations of the second amended complaint and raised three affirmative defenses: first, that the complaint failed to state a claim upon which relief could be granted; second, that the complaint did not present a justiciable controversy and was not cognizable under the Declaratory Judgment Act; and third, that plaintiffs had no standing to bring a declaratory judgment action.

A week later, plaintiffs filed their motion for judgment on the pleadings, pursuant to Rule 12(c), Arizona Rules of Civil Procedure. This motion was not supported by affidavits, and did not address the sufficiency of the pleadings. Instead, it presented a detailed brief on the merits of appellees' claim that A.R.S. § 41-1609.01 violates the separation of powers clause of the Arizona Constitution (art. III) and is an unlawful delegation of police powers, and requested the trial court to declare the statute unconstitutional.

Appellant's response incorporated by reference the affidavit of John Wright, Bureau Administrator of the Department of Corrections (DOC), which stated in part:

2. I have been designated by the Director of DOC to perform the preliminary work necessary to implement the 1987 Legislative Amendment to A.R.S. § 41-1609 and the adoption of A.R.S. § 41-1609.01 ("privatization"). In response to this assignment, I prepared a summary for the DOC Director and the Governor of the steps by which a portion

of the Arizona Corrections System may be subject to requests for proposals. However, none of these steps have yet been implemented.

3. There have (sic) been no direct expenditure of funds raised by taxation in connection with my preliminary analysis of a privatization program for the State of Arizona. The first time when any funds raised by taxation will be directly expended will be when a request for proposal to obtain a risk management firm is issued by the Arizona Department of Insurance and a contract is awarded to a firm to establish what is "adequate" insurance coverage as required by A.R.S. § 41–1609.01(N)(2). An award of such a contract will not occur prior to November 15, 1987.

The appellees did not controvert this affidavit by counter affidavits. On March 11, 1988, the trial judge ruled as follows:

These matters having been under advisement, the Court concludes and adjudges as follows:

(1) That the essential provisions of Sec. 41–1609.01 ARS requiring legislative approval prior to any privatization effort [that] may be implemented renders the law unconstitutional as being violative of the "Distribution of Powers" Clause, Art. III of the Arizona Constitution;

(2) That the law does *not* make an unconstitutional delegation of non-delegable police powers;

and accordingly, it is

ORDERED granting Plaintiffs' motion for judgment on the pleadings.

FURTHER ORDERED denying Defendant's motion for dismissal of a Party Plaintiff.

The judgment on the pleadings was filed on May 10, 1988.

Following briefing and oral arguments in this court, we requested that the parties file supplemental briefs on the appellees' standing to bring this suit and on whether the constitutional issues were ripe for resolution by declaratory judgment. Counsel have provided us with the requested briefs.

## ANALYSIS

### A. *Judgment on the pleadings*

A motion for judgment on the pleadings, filed pursuant to Rule 12(c), Arizona Rules of Civil Procedure (Rule), tests the sufficiency of the pleadings, in this case appellant's answer. When such a motion is considered by the trial court, it must accept all well pleaded allegations as true. The sufficiency of the pleadings is tested with reference to Rules 7 and 8. We have reviewed appellant's answer and it complies fully with Rules 7 and 8. Thus, the trial judge erred in granting appellees' motion for judgment on the pleadings because the answer is legally sufficient.

### B. *Summary judgment*

Rule 12(c) provides, "If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...." As set out above, appellants filed the affidavit of John Wright, an administrator of the DOC, and the trial judge treated the issues before the court as a judgment on the pleadings. Since it is unclear from the record whether the trial judge may have intended to treat the motion as one for summary judgment, pursuant to Rule 12(c) and Rule 56(c) and (d), we examine judgment on that basis.

Summary judgment is appropriate only when no genuine dispute exists as to a material fact, when only one inference can be drawn from the undisputed material facts, and when the moving party is entitled to judgment as a matter of law. Rule 56, Arizona Rules of Civil Procedure; *Pritchard v. State*, 163 Ariz. 427, 788 P.2d 1178 (1990). In reviewing a summary judgment, we must view the pleadings and affidavits in a light most favorable to the party against whom summary judgment is entered and, in this case, give the appellant the benefit of all reasonable inferences to be drawn from the record. *Id.*

When we apply this standard of review to the record that was before the trial

judge, it is clear on the basis of the uncontroverted affidavit of John Wright that no funds raised by taxation, had been directly expended by him in preparing his summary of A.R.S. §§ 41–1609 and .01 for the DOC Director and the Governor. Under these circumstances, we have held that a taxpayer does not have standing to seek a declaratory judgment without showing a direct expenditure of funds generated by taxation or a transaction resulting in a pecuniary loss. *Dail v. City of Phoenix*, 128 Ariz. 199, 624 P.2d 877 (App.1981). If summary judgment was intended by the trial court, it should have been denied because on this record appellee was not entitled to judgment as a matter of law on the issue of invalid delegation.

## C. *Declaratory Judgment*

A.R.S. § 12–1832 of the Declaratory Judgment Act provides: "Any person ... whose rights, status, or other legal relations are affected by a statute ... may have determined any question of ... validity arising under the ... statute ... and obtain a declaration of rights ... thereunder." *See* Rule 57, Arizona Rules of Civil Procedure.

■ The Arizona Supreme Court has held that A.R.S. § 12–1831 *et seq.*, requires a "justiciable controversy" between the parties in order for there to be a basis for a declaratory judgment. In *Arizona State Board of Directors v. Phoenix Union High School District*, our supreme court stated:

A declaratory judgment will be granted only when there is justiciable issue between parties. No proceeding will lie under the declaratory judgment acts to obtain a judgment which is advisory only or which merely answers a moot or abstract question; a mere difference of opinion will not suffice. *Moore v. Bolin*, 70 Ariz. 354, 220 P.2d 850. See also, *Manning v. Reilly*, 2 Ariz.App. 310, 408 P.2d 414.

102 Ariz. 69, 73, 424 P.2d 819, 823 (1967). In order for a justiciable issue or controversy to exist, there must be adverse claims asserted by the plaintiff upon present existing facts, which have ripened for judicial determination. *Planned Parenthood Center of Tucson v. Marks*, 17 Ariz.App. 308, 310, 497 P.2d 534, 536 (1972). Justice Struckmeyer summarized the rule as follows:

The requirements for a justiciable controversy under Arizona's declaratory judgment statutes, A.R.S. § 12–1831 *et seq.*, are that there be *an actual controversy ripe for adjudication* and that there be parties with a real interest in the questions to be resolved. *Arizona State Board of Directors v. Phoenix Union High School District*, 102 Ariz. 69, 424 P.2d 819 (1967).

(Emphasis added). *Board of Supervisors of Maricopa Co. v. Woodall*, 120 Ariz. 379, 380, 586 P.2d 628, 629 (1978).

We have held that the plaintiff must show sufficient facts that are real and not merely colorable to establish a justiciable controversy, and that declaratory relief must be based on an existing state of facts, not those which may or may not arise in the future. *Land Department v. O'Toole*, 154 Ariz. 43, 739 P.2d 1360 (App.1987).

In their briefs, AFL–CIO, Norris and Schmitz argue that they have standing to bring the declaratory action as taxpayers. They state:

The complaint alleges, and appellant has admitted, that at least one public employee, whose salary is paid by tax revenues, has devoted time to making preparation for the implementation of the provisions of SB 1039. A DOC employee, Bureau Administrator John Wright, also stated that funds raised by taxation would be "directly expended" in an effort to secure bids from risk management companies to determine "what is adequate insurance coverage" required under the new statute. Item 12. Affidavit of John Wright.

Thus, it is clear that tax dollars have been expended, and that the further expenditure of tax dollars is threatened in connection with the implementation of SB 1039. Therefore, the taxpayer plaintiffs, Schmitz & Norris clearly have standing to challenge the constitutionali-

ty of SB 1039 as well as the expenditure of monies generated by tax revenues in furtherance of the execution and administration of the statute.

While we agree with appellees that taxpayers have standing to bring a declaratory judgment action when *direct* expenditures of tax funds are made, we disagree that the record here establishes such expenditures. *Dail v. City of Phoenix*, 128 Ariz. 199, 624 P.2d 877 (App.1981). A fair reading of the state's uncontroverted affidavit by John Wright affirms that the only activity that he performed was to prepare a summary for the DOC Director and the Governor of "the steps by which a portion of the Arizona Correction System may be subject to requests for proposals. However, none of these steps have yet been implemented." He also affirms that no direct expenditure of funds raised by taxation occurred in preparation of the summary. Since this affidavit was uncontroverted and no trial or hearing was held on the issue in the trial court, we must accept the affidavit as true. *Prairie State Bank v. I.R.S.*, 155 Ariz. 219, 221, 745 P.2d 966, 968 n. 1A (App.1987).

Thus, it is our opinion that the issues raised for declaratory judgment did not constitute an actual controversy ripe for adjudication when this matter was filed. As pointed out in *Moore v. Bolin, supra,* constitutional questions will not be determined abstractly or in a hypothetical case or "anticipated in advance of the necessity for determination thereof, so that generally, no such consideration will be undertaken if no injury has as yet resulted from the application of the statute." 70 Ariz. at 357–8, 220 P.2d at 852 (quoting 16 C.J.S., Constitutional Law, § 94).

Our decision is also based on the second amended complaint. Paragraph VIII of the complaint alleged that tax funds had been expended. The state's answer denied this allegation, while the uncontroverted affidavit of John Wright supports the state's denial. Thus, the issue whether direct expenditure of tax funds had been used must be resolved in the state's favor on this record.

Finally, appellees' complaint does not allege any present injury to appellees. It does not allege that the DOC has entered into any contract under the privatization of prison act, or that any such contracts have yet impacted on their rights. It does allege that members of the union, including William Norris, may in the foreseeable future lose their protection under the State Civil Service System, including job security, transfer rights and other benefits of state employment, and face layoffs as the DOC functions are transferred to private entities. As set out above, declaratory relief must be based on an existing state of facts, not facts which may arise in the future. *Merritt–Chapman & Scott Corp. v. Frazier*, 92 Ariz. 136, 375 P.2d 18 (1962); *Moore v. Bolin, supra.*

We hold that on this record, the trial judge abused his discretion in granting declaratory judgment to the AFL–CIO. The facts here are simply premature and too speculative to support a declaratory judgment. In the terms of Justice Struckmeyer there must be an actual controversy ripe for adjudication. *Board of Supervisors of Maricopa County v. Woodall, supra.* These facts were not ripe for adjudication.

### D. *Cross-appeal*

On the basis of the foregoing, we affirm the trial court's refusal to hold that A.R.S. § 41–1609.01 constitutes an unlawful delegation of the state's police powers.

### E. *Conclusion*

We reverse the declaratory judgment, and remand to the trial court with directions to grant the state's motion to dismiss the AFL–CIO's complaint.

FIDEL, P.J., and GERBER, J., concur.