NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

KYSHOWN DANOSHKY CAMPBELL, *Petitioner/Appellant*,

*v.*

RACHEL DHANI CAMPBELL, *Respondent/Appellee*.

No. 1 CA-CV 22-0687 FC
FILED 9-26-2023

Appeal from the Superior Court in Maricopa County
No. FN2021-070799
The Honorable Susanna C. Pineda, Judge

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

COUNSEL

Becker Zarling & Smith Law, Avondale
By Sara Smith, Carlie Michelle Owsley, Gina M. Becker-Zarling
*Counsel for Petitioner/Appellant*

Rachel Dhani Campbell, Elgin AFB, Florida
*Respondent/Appellee*

_____

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Maria Elena Cruz joined.

_____

**C A T L E T T**, Judge:

¶1         Kyshown Danoshky Campbell ("Husband") appeals the superior court's denial of his motion to set aside a dissolution decree that included a division of property with Rachel Dhani Campbell ("Wife"). Although the superior court properly distributed a solar tax credit and reimbursed Wife for paying community debt from the date of service, the court mischaracterized a Florida residence as community property and provided inconsistent reimbursement starting dates.  We affirm in part, vacate in part, and remand.

## FACTS AND PROCEDURAL HISTORY

¶2         Husband and Wife married on August 21, 2017.   Husband petitioned for dissolution of marriage and served Wife on October 26, 2021. The disputed property included two residences, one in Florida and one in Arizona.

¶3         Before marriage, Husband purchased a residence in Florida which he refinanced in 2021, after marriage.  Following the refinancing, the loan was listed in Husband and Wife's name.  Wife testified she was "advised" an updated deed was signed, but she did "not have any supporting documents."  She believed she was entitled to half of the value of the Florida residence because she helped improve the property and paid some bills.  Husband testified Wife was never added to the deed.

¶4         During marriage, Husband and Wife jointly purchased a residence in Arizona and obtained a loan to fund the addition of solar panels. Wife paid the mortgage and homeowners' association fees on the Arizona residence.  Husband paid the electric and internet bills and made the loan payment on the solar panels.

¶5         Husband and Wife filed their tax returns jointly in 2020 and separately in 2021.  Husband tried to claim a solar tax credit on his 2021 tax return.  But the IRS rejected his return because of an issue with a claimed dependent.

¶6            The superior court found the Florida residence changed from separate to community property when Husband refinanced the mortgage. The court determined Husband did not rebut the presumption of community property because he did not provide a deed to demonstrate he remained the sole owner of the residence. The court also relied on a text exchange between Husband and Wife.

¶7            Although noting the parties "physically separated" in July 2021, the court awarded Wife reimbursement for half of the mortgage and homeowners association payments on the Arizona residence to begin "after service," which occurred October 26, 2021. But later in the decree, the court ordered the same reimbursement "from July 1, 2021 through the time of sale." Finally, the court found Husband claimed the solar tax credit on his 2021 taxes and awarded Wife half of the credit.

¶8            Husband filed a motion to set aside the decree, which the court denied. Husband timely appealed. We have jurisdiction. *See* A.R.S. § 12-2101(A)(2).

¶9            Wife did not file an answering brief, but we exercise discretion to address the merits of the case based on the record and Husband's brief. *See Gonzales v. Gonzales*, 134 Ariz. 437, 437 (App. 1982) ("Although we may regard this failure to respond as a confession of reversible error, we are not required to do so.").

## DISCUSSION

¶10            Husband argues the superior court erred by finding (1) the Florida residence changed to community property after refinancing, (2) Wife was entitled to an equitable distribution of the solar tax credit, and (3) Wife was entitled to reimbursement from July 1, 2021. We review the superior court's denial of a motion to set aside and the division of property for an abuse of discretion. *Duckstein v. Wolf*, 230 Ariz. 227, 231 ¶ 8 (App. 2012); *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 523 ¶ 4 (App. 2007). But we review *de novo* whether property is correctly characterized as community or separate. *Bell-Kilbourn*, 216 Ariz. at 523 ¶ 4. An abuse of discretion occurs when a court "rules without competent evidence or commits a legal error in making a discretionary decision." *Meister v. Meister*, 252 Ariz. 391, 396 ¶ 12 (App. 2021). We review the evidence in the light most favorable to sustaining the court's findings and affirm unless there is no reasonable evidence to support a finding. *Kohler v. Kohler*, 211 Ariz. 106, 107 ¶ 2 (App. 2005).

## I.     Florida Residence

¶11        Husband argues the Florida residence remained his separate property, even after refinancing, and Wife did not rebut the presumption. We agree.  The Florida residence was presumed to be Husband's separate property because he purchased it prior to marriage.  A.R.S. § 25-213(A) ("[P]roperty that is owned by that spouse before marriage . . . is the separate property of that spouse.").  Wife had the burden to rebut the presumption. *Hefner v. Hefner*, 248 Ariz. 54, 58 ¶ 9 (App. 2019) ("The spouse seeking to overcome a presumption of asset characterization has the burden of establishing the character of the property by clear and convincing evidence.").  The court, however, placed the burden on Husband, instead of Wife, to produce evidence that the Florida residence remained separate property.

¶12        A spouse who refinances property does not change its characterization without taking some other action, typically evidenced by signing a deed, with the intent to gift the property to the other spouse. *See In re Marriage of Flower*, 223 Ariz. 531, 535 ¶ 15 (App. 2010) ("When real property is held as separate property by one spouse but title is subsequently taken in the name of both spouses, a presumption exists that the contributing spouses intended to make a gift[.]").  Wife did not rebut the presumption that the Florida residence was separate property because she did not provide any supporting documentation; instead, she testified to "being advised" that she signed a deed. *See In re Sims Est.*, 13 Ariz. App. 215, 217 (1970) (requiring evidence of a conveyance and contemporaneous conduct to gift property).  Wife did not clarify who advised her, or why she otherwise believed she signed a deed.  Instead, she testified that she believed she was entitled to an interest in the property because she helped improve the residence and pay bills.  While Wife's testimony might justify imposing a community lien, it is insufficient to change the property's character as separate. *Bell-Kilbourn*, 216 Ariz. at 524 ¶ 12 ("[A]ny community funds expended to pay the mortgage or enhance the value of the house entitled the community to a share of any equity attributable to those efforts.").

¶13        The superior court also relied on text messages between Husband and Wife.  But those exchanges, overall, were conflicting as to ownership and thus insufficient to change the property's characterization. In one exchange, wife stated "[w]e are on both houses. Can you take one and I take one?," and Husband responded, "I prefer to sell[.]"  The court interpreted Husband's response as inferring that he did not contest ownership.  Not only is that not the only way to interpret Husband's

response, but there were other exchanges muddying the picture. One message from Wife stated, "[b]ut, to clarify.. [sic] we are not on both loans. We are [on] both deeds." Wife also texted, "I don't want your FL property," which could be interpreted as Wife conceding the Florida residence was Husband's separate property. Ultimately, Wife did not provide sufficient evidence overcoming the presumption of separate property. *See Ray v. Mangum*, 163 Ariz. 329, 333 (1989) ("Where conflicting testimony exists and the parties' unspoken assumptions and intentions conflict, one party's belief cannot provide clear and convincing evidence of the parties agreement."). The Florida residence should be reflected in the decree as Husband's separate property.

¶14 While we "recognize[] the nature of the separate property as separate," Wife might still be entitled to "a fair and equitable reimbursement to the community" based on her testimony about improving and contributing to the residence. *See Saba v. Khoury*, 253 Ariz. 587, 592 ¶ 15 (2022). On remand, the court should calculate an appropriate community lien, if any, based on the evidence Wife provided. *See id.* ¶¶ 14–16.

## II. Arizona Residence

### A. Solar Tax Credit

¶15 Husband argues the court abused its discretion by distributing half of a solar tax credit to Wife. The solar panels are affixed to the Arizona residence and both were purchased during the marriage. Additionally, Husband testified the tax credit was carried over from Husband and Wife's joint 2020 tax return, during the marriage, to the 2021 tax return. Property acquired during marriage is community property. A.R.S. § 25-211(A).

¶16 Husband attempts to overcome the presumption of community property by arguing the solar tax credit was based on "future events." Husband argues he was not able to successfully file his income tax return and, thus, had yet to receive the credit. Husband cites *Moore v. Bolin* for the proposition that "[t]he allegations merely show an intent to do certain things in the future all of which are dependent upon future events and contingencies within control of the appellant." 70 Ariz. 354, 358 (1950). But, here, it was not speculative to distribute the tax credit because Husband included the credit on his 2021 tax return. *See Johnson v. Johnson*, 131 Ariz. 38, 43 n.11 (1981) (If "the tax consequences could be immediately and specifically determined . . . . the court should consider the effects").

¶17        Although Husband testified that his 2021 return was rejected, he explained it was for a reason (claiming a dependent) that did not implicate the solar tax credit, and stated he still expects to receive the credit. Accordingly, the tax credit was not speculative and the court did not abuse its discretion in distributing the credit as community property. A.R.S. § 25-318; *see In re Marriage of Berger*, 140 Ariz. 156, 168 (App. 1983) ("The [superior] court has wide discretion in the apportionment of community property under § 25-318 and all reasonable inferences are taken in favor of sustaining the [superior] court's judgment.").

### B.        Reimbursement to Wife

¶18        Husband argues the court listed an incorrect date for calculating the reimbursement to Wife for continuing to pay mortgage and homeowners' association bills on the Arizona residence. Husband argues the court used July 1, 2021 rather than the date he served Wife—October 26, 2021. Husband is partially correct; the decree included conflicting reimbursement dates. The decree initially stated Wife was entitled to reimbursement "after service" but later ordered reimbursement "from July 1, 2021 through the time of sale." The court initially provided the correct standard in the decree by pegging reimbursement to the date of service, which is the end of the marital presumption of community property. *See* A.R.S. § 25-211(A)(2); *Bobrow v. Bobrow*, 241 Ariz. 592, 596 ¶ 15 (App. 2017). Yet the second instruction listing the reimbursement date as July 1, 2021 was incorrect. On remand, the court should amend the decree to correct the inconsistency and accurately reflect the beginning date for reimbursement as October 26, 2021.

¶19        Husband also argues that reimbursement was improper because "both parties paid community obligations voluntarily" and the court should have considered his solar, electric, and internet payments. Arguments not raised in the superior court are waived on appeal, and Husband did not raise these reimbursement arguments in the superior court. *BMO Harris Bank N.A. v. Espiau*, 251 Ariz. 588, 594 ¶ 25 (App. 2021).

### CONCLUSION

¶20        We vacate the decree in part and remand for the superior court to list the Florida residence as Husband's separate property, calculate a community lien, if any, on the Florida residence, and amend the decree's language to consistently reflect that Wife's reimbursement runs from the date of service, October 26, 2021. We otherwise affirm Wife's reimbursement and the solar tax credit distribution. We decline to award

Husband attorney's fees, but as the successful party on appeal, we grant Husband's costs subject to compliance with Arizona Rule of Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA